DAVIS WRIGHT TREMAINE LLP
Mary H. Haas (State Bar No. 149770)
  maryhaas@dwt.com
Heather F. Canner (State Bar No. 292837)
  heathercanner@dwt.com
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Attorneys for Defendants
SUTTEL & HAMMER, APC; ERIN E.
PATTERSON; KEVIN A. HOANG;
JASON W. TANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. FRANCHITTO,<br><br>            Plaintiff,<br><br>  vs.<br><br>SUTTELL AND HAMMER, APC;<br>ERIN E. PATTERSON; KEVIN A.<br>HOANG; and JASON W. TANG,<br><br>            Defendants. | Case No. **2:19-cv-04557-R-MRW**<br><br>**DEFENDANTS' AMENDED<br>ANSWER TO COMPLAINT**<br><br>Action Filed: May 24, 2019 |

Defendants Suttell & Hammer, APC ("Suttell"), Erin E. Patterson, Kevin A. Hoang, and Jason W. Tang (together, "Defendants"), answering for themselves and no others, in response to the Complaint ("Complaint") filed by plaintiff Anthony L. Franchitto ("Plaintiff"), alleges as follows:

- Answering paragraph 1 of the Complaint, Defendants admit that Plaintiff is asserting claims under the Fair Debt Collection Practices Act ("FDCPA") against Defendants. Except as expressly stated, Defendants deny the remaining allegations in paragraph 1 of the Complaint.

- Answering paragraph 2, Defendants do not contest jurisdiction.

- Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore deny them.

- Defendants deny the allegations in paragraph 4 of the Complaint.

- Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and therefore deny them.

- Answering paragraph 6, on or about September 6, 2017, Defendant Suttell sent Plaintiff a letter, which speaks for itself. Except as expressly stated, Defendants deny the allegations in paragraph 6.

- Answering paragraph 7, Plaintiff sent a letter dated September 15, 2017 via USPS Certified Mail to Defendant Suttell. The letter speaks for itself. Except as expressly stated, Defendants deny the allegations in paragraph 7.

- Answering paragraph 8, on or about September 21, 2017, Defendant Suttell sent Plaintiff a letter, which speaks for itself. Except as expressly stated, Defendants deny the remaining allegations in paragraph 8.

- Answering paragraph 9, Plaintiff sent a letter dated September 24, 2017 via USPS Certified Mail to Defendant Suttell. The letter speaks for itself. Except as expressly stated, Defendants deny the allegations in paragraph 9.

- Answering paragraph 10, on or about October 9, 2017, Defendant Suttell sent Plaintiff a letter, which speaks for itself. Except as expressly stated, Defendants deny the allegations in paragraph 10.
- Answering paragraph 11, Plaintiff sent a letter dated November 5, 2017 via USPS Certified Mail to Defendant Suttell. The letter speaks for itself. Except as expressly stated, Defendants deny the remaining allegations in paragraph 11.
- Answering paragraph 12, on or about November 9, 2017, Defendant Suttell sent Plaintiff a letter, which speaks for itself. Except as expressly stated, Defendants deny the allegations in paragraph 12.
- Answering paragraph 13, on or about December 21, 2017, Defendant Suttell submitted through the CFPB Portal a letter, which speaks for itself. Except as expressly stated, Defendants deny the allegations in paragraph 13.
- Answering paragraph 14, Plaintiff sent a letter dated January 29, 2018 via USPS Certified Mail to Defendant Suttell. The letter speaks for itself. Except as expressly stated, Defendants deny the remaining allegations in paragraph 14.
- Answering paragraph 15, on or about February 21, 2018, Defendant Suttell sent Plaintiff a letter, which speaks for itself. Except as expressly stated, Defendants deny the allegations in paragraph 15.
- Answering paragraph 16, Plaintiff sent a letter dated February 26, 2018 via USPS Certified Mail to Defendant Suttell. The letter speaks for itself. Except as expressly stated, Defendants deny the remaining allegations in paragraph 16.
- Answering paragraph 17, Defendants admit that the docket in Case No. 18CHLC08188 in California Superior Court reflects that Anthony Franchitto was served with a Summons and Complaint in that case on April 25, 2018. Except as expressly stated, Defendants deny the remaining allegations in paragraph 17 of the Complaint.

- Answering paragraph 18, Defendants admit that the docket in Case No. 18CHLC08188 in California Superior Court reflects that on May 10, 2018, Anthony Louis Franchitto filed an "Answer and Affirmative Defenses to Plaintiff's Complaint" in that case. Except as expressly stated, Defendants deny the remaining allegations in paragraph 18 of the Complaint.

- Answering paragraph 19, Plaintiff served by mail Special Interrogatories, Set One, Requests for Production, Set One, and Requests for Admission, Set One on Bank of America, N.A. in Case No. 18CHLC08188 in California Superior Court. Plaintiff indicated in those discovery requests that he mailed them to Defendant Suttell on June 25, 2018. Except as expressly stated, Defendants deny the remaining allegations in paragraph 19 of the Complaint.

- Answering paragraph 20, on or about August 6, 2018, Defendant Suttell sent Plaintiff a letter regarding Case No. 18CHLC08188 in California Superior Court. The letter speaks for itself. Except as expressly stated, Defendants deny the remaining allegations in paragraph 20 of the Complaint.

- Answering paragraph 21, on September 10, 2018, Defendant Suttell sent to Plaintiff via overnight mail Bank of America, N.A.'s responses to Plaintiff's Special Interrogatories, Set One, Requests for Production, Set One, and Requests for Admission, Set One in Case No. 18CHLC08188 in California Superior Court. Except as expressly stated, Defendants deny the remaining allegations in paragraph 21 of the Complaint.

- Answering paragraph 22, Plaintiff served by mail Special Interrogatories, Set Two on Bank of America, N.A. in Case No. 18CHLC08188 in California Superior Court. Plaintiff indicated in those discovery requests that he mailed them to Defendant Suttell on October 12, 2018. Except as expressly stated, Defendants deny the remaining allegations in paragraph 22 of the Complaint.

- Answering paragraph 23, Defendants admit that the docket in Case No. 18CHLC08188 in California Superior Court reflects that on November 27, 2018,

Anthony Franchitto filed a "Motion to Compel" in that case. Except as expressly stated, Defendants deny the remaining allegations in paragraph 23 of the Complaint.

- Answering paragraph 24, on November 29, 2018, Defendant Suttell sent to Plaintiff via overnight mail Bank of America, N.A.'s responses to Plaintiff's Special Interrogatories, Set Two in Case No. 18CHLC08188 in California Superior Court. Except as expressly stated, Defendants deny the remaining allegations in paragraph 24 of the Complaint.

- Answering paragraph 25, Defendants admit that the docket in Case No. 18CHLC08188 in California Superior Court reflects that on January 8, 2019, Bank of America, N.A. filed a document titled "Opposition to Defendant's Motion to Compel Responses to Requests for Interrogatories, Set Two and Requests for Sanctions" in that case. Except as expressly stated, Defendants deny the remaining allegations in paragraph 25 of the Complaint.

- Answering paragraph 26, Defendants admit that the docket in Case No. 18CHLC08188 in California Superior Court reflects that on January 11, 2019, the court held a hearing on a motion to compel. Except as expressly stated, Defendants deny the remaining allegations in paragraph 26 of the Complaint.

- Answering paragraph 27, Plaintiff served by mail Special Interrogatories, Set One Amended, Requests for Production, Set One Amended, and Requests for Admission, Set One Amended on Bank of America, N.A. in Case No. 18CHLC08188 in California Superior Court. Plaintiff indicated in those discovery requests that he mailed them to Defendant Suttell on March 12, 2019. Except as expressly stated, Defendants deny the remaining allegations in paragraph 27 of the Complaint.

- Answering paragraph 28, on or about April 15, 2019, Defendant Suttell sent Plaintiff a letter regarding Case No. 18CHLC08188 in California Superior Court. The letter speaks for itself. Defendants are without knowledge or

4

AMENDED ANSWER TO COMPLAINT
2:19-cv-04557-R-MRW

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 28 and therefore deny them.

- Answering paragraph 29, Plaintiff sent a letter regarding Case No. 18CHLC08188 in California Superior Court dated April 25, 2019 via USPS Certified Mail to Defendant Suttell. The letter speaks for itself. Except as expressly stated, Defendants deny the remaining allegations in paragraph 29.
- Answering paragraph 30, Case No. 18CHLC08188 in California Superior Court is currently pending. Except as expressly stated, Defendants deny the remaining allegations in paragraph 30 of the Complaint.
- Answering paragraph 31, Defendants incorporate by reference their responses to paragraphs 1 through 30.
- Defendants deny the allegations in paragraphs 32 through 34.
- Answering paragraph 35, Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 35, and on that basis deny the allegations therein.
- Answering paragraph 36, Defendants incorporate by reference their responses to paragraphs 1 through 30.
- Defendants deny the allegations in paragraphs 37 through 39.
- Answering paragraph 40, Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 40, and on that basis deny the allegations therein.
- Answering paragraph 41, Defendants incorporate by reference their responses to paragraphs 1 through 30.
- Defendants deny the allegations in paragraphs 42 through 44.
- Answering paragraph 45, Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 45, and on that basis deny the allegations therein.

- Answering paragraph 46, Defendants incorporate by reference their responses to paragraphs 1 through 30.
- Defendants deny the allegations in paragraphs 47 through 49.
- Answering paragraph 50, Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 50, and on that basis deny the allegations therein.
- Answering paragraph 51, Defendants incorporate by reference their responses to paragraphs 1 through 30.
- Defendants deny the allegations in paragraphs 52 through 54.
- Answering paragraph 55, Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 55, and on that basis deny the allegations therein.
- Answering paragraph 56, Defendants incorporate by reference their responses to paragraphs 1 through 30.
- Defendants deny the allegations in paragraphs 57 through 59.
- Answering paragraph 60, Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 60, and on that basis deny the allegations therein.
- Answering paragraph 61, Defendants incorporate by reference their responses to paragraphs 1 through 30.
- Defendants deny the allegations in paragraphs 62 through 64.
- Answering paragraph 65, Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 65, and on that basis deny the allegations therein.
- Answering paragraph 66, Defendants incorporate by reference their responses to paragraphs 1 through 30.
- Defendants deny the allegations in paragraphs 67 through 69.

- Answering paragraph 70, Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 70, and on that basis deny the allegations therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants assert the following further and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Insufficient Process and Service of Process)

2. Plaintiff failed to properly effect process and/or service of process.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

3. To the extent Defendants committed any of the alleged violations of the federal Fair Debt Collection Practices Act, which Defendants deny, such violations were not intentional and were the result of a bona fide error. Defendants are not liable for any unintentional violation of the Act. 15 U.S.C. § 1692k(c).

### FOURTH AFFIRMATIVE DEFENSE
### (Standing)

4. Plaintiff has suffered no injury and lacks standing to bring this suit.

## FIFTH AFFIRMATIVE DEFENSE
### (No Damages)

5. Plaintiff has suffered no damages.

## SIXTH AFFIRMATIVE DEFENSE
### (Negligence)

6. Plaintiff's damages, if any, were caused by his own fault or negligence.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

7. Plaintiff's claims are barred by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

8. Defendants reserve the right to assert additional defenses that become known through investigation and discovery.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That the Complaint be dismissed with prejudice and judgment entered in favor of Defendants;
3. That Defendants be awarded their costs of suit;
4. That Defendants be awarded attorneys' fees pursuant to statute and/or contract; and
5. For such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED: August 27, 2019 | DAVIS WRIGHT TREMAINE LLP |
| 2 | | MARY H. HAAS |
| 3 | | HEATHER F. CANNER |

By:      /s/ *Heather F. Canner*
               Heather F. Canner

Attorneys for Defendants
SUTTELL & HAMMER, APC,
ERIN E. PATTERSON, KEVIN A. HOANG, and JASON W. TANG