DAVIS WRIGHT TREMAINE LLP
Mary H. Haas (State Bar No. 149770)
  maryhaas@dwt.com
Heather F. Canner (State Bar No. 292837)
  heathercanner@dwt.com
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Attorneys for Defendants
SUTTEL & HAMMER, APC; ERIN E.
PATTERSON; KEVIN A. HOANG;
JASON W. TANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. FRANCHITTO,<br><br>Plaintiff,<br><br>vs.<br><br>SUTTELL AND HAMMER, APC; ERIN E. PATTERSON; KEVIN A. HOANG; and JASON W. TANG,<br><br>Defendants. | Case No. **2:19-cv-04557-R-MRW**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT**<br><br>Action Filed: May 24, 2019 |

Defendants Suttell & Hammer, APC ("Suttell"), Erin E. Patterson, Kevin A. Hoang, and Jason W. Tang (together, "Defendants"), answering for themselves and no others, in response to the First Amended Verified Complaint ("Amended Complaint") filed by Plaintiff Anthony L. Franchitto ("Plaintiff"), alleges as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 of the Amended Complaint contains pure legal statements, argument, and/or conclusions to which no response is required. To the extent a response is required, Defendants refer to the complete text of the referenced statute, which speaks for itself. Defendants deny the allegations in Paragraph 1 to the extent they are inconsistent with the statute.

2. Paragraph 2 of the Amended Complaint contains pure legal statements, argument, and/or conclusions to which no response is required. To the extent a response is required, Defendants refer to the complete text of the referenced statute, which speaks for itself. Defendants deny the allegations in Paragraph 2 to the extent they are inconsistent with the statute.

3. Paragraph 3 of the Amended Complaint contains pure legal statements, argument, and/or conclusions to which no response is required. To the extent a response is required, Defendants refer to the complete text of the referenced statute, which speaks for itself. Defendants deny the allegations in Paragraph 3 to the extent they are not contained in or are inconsistent with the statute.

4. Paragraph 4 of the Amended Complaint contains pure legal statements, argument, and/or conclusions to which no response is required. To the extent a response is required, Defendants refer to the complete text of the referenced statute and cases, which speak for themselves. Defendants deny the allegations in Paragraph 4 to the extent they are not contained in or are inconsistent with the statute or cited cases.

5. Paragraph 5 of the Amended Complaint contains pure legal statements, argument, and/or conclusions to which no response is required. To the extent a response is required, Defendants refer to the complete text of the referenced statute and cases, which speak for themselves. Defendants deny the allegations in Paragraph 5 to the extent they are not contained in or are inconsistent with the statute or cited cases.

6. Paragraph 6 of the Amended Complaint contains pure legal statements, argument, and/or conclusions to which no response is required. To the extent a response is required, Defendants refer to the complete text of the referenced statute and cases, which speak for themselves. Defendants deny the allegations in Paragraph 6 to the extent they are not contained in or are inconsistent with the statute or cited cases.

7. Paragraph 7 of the Amended Complaint contains pure legal statements, argument, and/or conclusions to which no response is required. To the extent a response is required, Defendants refer to the complete text of the referenced statute, which speaks for itself. Defendants deny the allegations in Paragraph 7 to the extent they are inconsistent with the statute.

8. Paragraph 8 of the Amended Complaint purports to quote a website. Rather than responding to Plaintiff's characterization of the website, Defendants refer to the complete text, which speaks for itself. Defendants deny the allegations in Paragraph 8 to the extent they are not contained in or are inconsistent with the text of the website. Defendants do not admit the referenced website or text is relevant to this action. To the extent any further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis deny the allegations.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

## JURISDICTION, VENUE, AND DEMAND FOR JURY TRIAL

15. Answering Paragraph 15, Defendants do not contest jurisdiction.

16. Paragraph 16 of the Amended Complaint contains pure legal statements, argument, and/or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17. Answering Paragraph 17, Defendants do not contest venue.

18. Paragraph 18 does not contain any factual allegations and therefore does not require a response. To the extent a response is required, Defendants admit that Plaintiff purports to demand a jury trial, but otherwise denies the allegations in Paragraph 18.

## CIVIL LIABILITY-RIGHT OF REMEDY

19. Paragraph 19 of the Amended Complaint contains pure legal statements, argument, and/or conclusions to which no response is required. To the extent a response is required, Defendants refer to the complete text of the referenced statutes, which speak for themselves.  Defendants deny the allegations in Paragraph 19 to the extent they are inconsistent with the referenced statutes.

## PARTIES

20. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Amended Complaint and therefore deny them.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Amended Complaint, and therefore deny them.

22. Answering Paragraph 22 of the Amended Complaint, Defendants admit that Suttell is a professional corporation and law firm that conducts business

in California. Suttell's present business address is 3000 Northup Way, Suite 200, Bellevue, Washington 98804, and its mailing address is PO Box C-90006, Bellevue, Washington 98009. Except as expressly stated, Defendants deny the remaining allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Answering Paragraph 24 of the Amended Complaint, Defendants admit that Suttell's present business address is 3000 Northup Way, Suite 200, Bellevue, Washington 98804, and its mailing address is PO Box C-90006, Bellevue, Washington 98009. Except as expressly stated, Defendants deny the remaining allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Paragraph 27 does not contain any factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations in Paragraph 28. Defendants further deny that Plaintiff is entitled to any of the relief requested.

## FACTUAL ALLEGATIONS

29. Answering Paragraph 29 of the Amended Complaint, Defendants admit that in November 2014, Plaintiff opened an account with Bank of America, N.A. for the purpose of obtaining an extension of credit. Defendants further admit that Plaintiff used the credit extended, accrued a balance due to Bank of America, N.A., and after December 29, 2016, ceased making periodic payments on the account. Except as expressly stated, Defendants deny any remaining allegations in Paragraph 29.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 30, and on that basis deny them. The second sentence of Paragraph 30 purports to

characterize Exhibit A attached to the Amended Complaint.  Defendants therefore refer to the documents attached as Exhibit A, as they speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the second sentence of Paragraph 30 of the Amended Complaint and therefore deny them.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31, and on that basis deny them.  Defendants add that on October 17, 2019, the Superior Court for the State of California entered a judgment against Plaintiff in favor of Bank of America, N.A. in the amount of $6,062.93 plus costs of $294.50.  *See Bank of America, N.A. v. Franchitto*, No. 18CHLC08188 (Cal. Super.) (Judgment After Trial By Court, Oct. 17, 2019).

32. Answering Paragraph 32 of the Amended Complaint, Defendants admit that on or about September 6, 2017, Defendant Suttell sent Plaintiff a letter, which speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 32.

33. Answering Paragraph 33 of the Amended Complaint, Defendants admit that Plaintiff sent letters dated September 15, 2017, September 24, 2017, November 5, 2017, January 29, 2018, and February 26, 2018 to Defendant Suttell.  The letters, some of which Plaintiff attached as Exhibit B to the Amended Complaint, speak for themselves.  Expect as expressly stated, Defendants deny the allegations in Paragraph 33.

34. Answering Paragraph 34, Defendants admit that Bank of America, N.A. filed a complaint against Plaintiff in the Superior Court of California, County of Los Angeles, North Valley District, Chatsworth Courthouse, in Case No. 18CHLC08188 on April 6, 2018.  Defendants are counsel to Bank of America, N.A. in that action.  The complaint filed in that action speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37. Answering Paragraph 37 of the Amended Complaint, Plaintiff attached as Exhibit E a document titled "Plaintiff's Responses to Defendant's Special Interrogatories, Set No. Two (2)," which Bank of America, N.A. served on Plaintiff on November 29, 2018 in *Bank of America, N.A. v. Franchitto*, No. 18CHLC08188 (Cal. Super.). Defendants refer to that document, which speaks for itself. Except as expressly stated, Defendants deny the allegations in Paragraph 37.

38. Answering Paragraph 38 of the Amended Complaint, Plaintiff attached as Exhibit F documents titled "Plaintiff's Opposition to Defendant's Motion to Compel Responses to Requests for Interrogatories, Set Two, and Request for Sanctions" and "Declaration of Erin E. Patterson" filed by Bank of America, N.A. on January 8, 2019 in *Bank of America, N.A. v. Franchitto*, No. 18CHLC08188 (Cal. Super.). Defendants refer to those documents, which speak for themselves. To the extent the allegations in Paragraph 38 purporting to quote those documents are not contained in or are inconsistent with those documents, Defendants deny them. Except as expressly stated, Defendants deny the remaining allegations in Paragraph 38.

39. Answering Paragraph 39 of the Amended Complaint, Plaintiff attached as Exhibit G a letter Defendant Suttell sent Plaintiff on or about April 15, 2019, regarding *Bank of America, N.A. v. Franchitto*, No. 18CHLC08188 (Cal. Super.). The letter speaks for itself. Except as expressly stated, Defendants deny the allegations in Paragraph 39.

40. Answering Paragraph 40 of the Amended Complaint, Plaintiff attached as Exhibit H a letter Defendant Suttell sent Plaintiff on or about May 14, 2019, regarding *Bank of America, N.A. v. Franchitto*, No. 18CHLC08188 (Cal. Super.), as

well as documents titled "Notice of Trial" and "Notice Requesting and Requiring Parties to Attend Trial (CCP Section 1987(b))" filed by Bank of America, N.A. in *Bank of America, N.A. v. Franchitto*, No. 18CHLC08188 (Cal. Super.). These documents speak for themselves. Except as expressly stated, Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

42. Answering Paragraph 42 of the Amended Complaint, Plaintiff attached as Exhibit I a letter Defendant Suttell sent Plaintiff on or about May 20, 2019. The letter speaks for itself. Except as expressly stated, Defendants deny the allegations in Paragraph 42.

43. Answering Paragraph 43 of the Amended Complaint, Plaintiff attached as Exhibit J a document titled "Plaintiff's Opposition to Defendant's Motion to Withdraw From Provisions of CCP §§ 91-100; Declaration of Jason W. Tang" served by Bank of America, N.A. on Plaintiff by mail on August 13, 2019 in *Bank of America, N.A. v. Franchitto*, No. 18CHLC08188 (Cal. Super.). That document speaks for itself. Except as expressly stated, Defendants deny the remaining allegations in Paragraph 43.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(5)

44. Answering Paragraph 44 of the Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 43.

45. Defendants deny the allegations in Paragraph 45 of the Amended Complaint.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2)(A)

46. Answering Paragraph 46 of the Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 45.

47. Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(5)

48. Answering Paragraph 48 of the Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 47.

49. Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

### COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(10)

50. Answering Paragraph 50 of the Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 49.

51. Defendants deny the allegations in Paragraph 51 of the Amended Complaint. Defendants add that the referenced documents speak for themselves.

52. Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

### COUNT V
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b)

53. Answering Paragraph 53 of the Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 52.

54. Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

### COUNT VI
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §1788.11(d)

55. Answering Paragraph 55 of the Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 54.

56. Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT
2:19-cv-04557-R-MRW

# COUNT VII
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §1788.13(e)

57. Answering Paragraph 57 of the Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

58. Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

# COUNT VIII
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §1788.14(b)

59. Answering Paragraph 59 of the Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 58.

60. Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Amended Complaint, and further deny that Plaintiff is entitled to any of the relief he seeks in this action.

62. Defendants deny the allegations in Paragraph 62 of the Amended Complaint, and further deny that Plaintiff is entitled to any of the relief he seeks in this action.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants assert the following further and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Bona Fide Error)

2. To the extent Defendants committed any of the alleged violations of the federal Fair Debt Collection Practices Act or Rosenthal Fair Debt Collections Practices Act, which Defendants deny, such violations were not intentional and were the result of a bona fide error. Defendants are not liable for any unintentional violation of the Act. 15 U.S.C. § 1692k(c); Cal. Civ. Code § 1788.30.

## THIRD AFFIRMATIVE DEFENSE
### (Standing)

3. Plaintiff has suffered no injury and lacks standing to bring this suit.

## FOURTH AFFIRMATIVE DEFENSE
### (No Damages)

4. Plaintiff has suffered no damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

5. Plaintiff's claims are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute Expressly Inapplicable)

6. To the extent Plaintiff purports to assert claims under the Rosenthal Fair Debt Practices Act against the individual Defendants, the Act explicitly excludes attorneys and counselors at law from its coverage. Cal. Civ. Code § 1788.2(c).

10
DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT
2:19-cv-04557-R-MRW

## SEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

7. Defendants reserve the right to assert additional defenses that become known through investigation and discovery.

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

3. That Defendants be awarded their costs of suit;

4. That Defendants be awarded attorneys' fees and costs pursuant to statute, including the FDCPA, 15 U.S.C. § 1692k(a)(3), and Rosenthal FDCPA, Cal. Civ. Code § 1788.30(c), and/or contract; and

5. For such other and further relief as the Court deems just and proper.

DATED: November 25, 2019

DAVIS WRIGHT TREMAINE LLP
MARY H. HAAS
HEATHER F. CANNER

By: /s/ *Heather F. Canner*
Heather F. Canner

Attorneys for Defendants
SUTTELL & HAMMER, APC,
ERIN E. PATTERSON, KEVIN A. HOANG, and JASON W. TANG